CHARLES O. THOMPSON, SB# 139841
  E-Mail: thompsonc@lbbslaw.com
JEMMA A. PARKER, SB# 227962
  E-Mail: parkerj@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
One Sansome Street
Suite 1400
San Francisco, California 94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys for Defendant CASA MUNRAS HOTEL, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>      Plaintiff,<br><br>v.<br><br>CASA MUNRAS HOTEL, LLC,<br><br>      Defendant. | CASE NO. CV 08 2778<br><br>**DEFENDANT CASA MUNRAS HOTEL, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |

COME NOW Defendant CASA MUNRAS HOTEL, LLC ("Defendant"), hereby answers Plaintiff SCOTT JOHNSON's Complaint ("Complaint") by admitting, denying and alleging as follows:

**ANSWER TO FIRST CAUSE OF ACTION**
**(Denial of Full and Equal Access to a Public Accommodation, Civil Code §§51, 54.1)**

    1. In answer to paragraph 1 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to these allegations an on that basis denies each and every allegation contained therein.

    2. In answer to paragraph 2 of the Complaint, Defendant admits the allegations contained therein.

    3. In answer to paragraph 3 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to these allegations an on that basis denies each and every

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

allegation contained therein. Defendant need not address the plaintiff's characterization of the legal nature of this action. To the extent that any averment in paragraph 3 is deemed to require an answer, Defendant denies each and every allegation contained therein.

4. In answer to paragraph 4 of the Complaint, Defendant need not address the plaintiff's characterization of the legal nature of this action. To the extent any averment in paragraph 4 is deemed to require an answer, Defendant denies each and every allegation contained therein.

5. In answer to paragraph 5 of the Complaint, Defendant need not address the plaintiff's characterization of the legal nature of this action. To the extent any averment in paragraph 5 is deemed to require an answer, Defendant denies each and every allegation contained therein.

6. In answer to paragraph 6 of the Complaint, Defendant need not address the plaintiff's characterization of the legal nature of this action. To the extent any averment in paragraph 6 is deemed to require an answer, Defendant denies each and every allegation contained therein.

7. In answer to paragraph 7 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to these allegations an on that basis denies each and every allegation contained therein. Defendant need not address the plaintiff's characterization of the legal nature of this action. To the extent that any averment in paragraph 7 is deemed to require an answer, Defendant denies each and every allegation contained therein.

8. Plaintiff has not made any allegations in paragraph 8.

9. In answer to paragraph 9 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to these allegations an on that basis denies each and every allegation contained therein.

10. In answer to paragraph 10 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to these allegations an on that basis denies each and every allegation contained therein. Defendant need not address the plaintiff's characterization of the legal nature of this action. To the extent that any averment in paragraph 10 is deemed to require an answer, Defendant denies each and every allegation contained therein.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

**DEFENDANT CASA MUNRAS HOTEL, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1       11.  In answer to paragraph 11 of the Complaint, Defendant need not address the plaintiff's

2  characterization of the legal nature of this action.  To the extent any averment in paragraph 11 is

3  deemed to require an answer, Defendant denies each and every allegation contained therein.

4       12.  In answer to paragraph 12 of the Complaint, Defendant need not address the plaintiff's

5  characterization of the legal nature of this action.  To the extent any averment in paragraph 12 is

6  deemed to require an answer, Defendant denies each and every allegation contained therein.

7       13.  In answer to paragraph 13 of the Complaint, Defendant is without sufficient

8  knowledge or information to form a belief as to these allegations and on that basis denies each and

9  every allegation contained therein.

10       14.  In answer to paragraph 14 of the Complaint, Defendant is without sufficient

11  knowledge or information to form a belief as to these allegations an on that basis denies each and

12  every allegation contained therein.  Defendant need not address the plaintiff's characterization of

13  the legal nature of this action.  To the extent that any averment in paragraph 14 is deemed to

14  require an answer, Defendant denies each and every allegation contained therein.

15       15.  In answer to paragraph 15 of the Complaint, Defendant is without sufficient

16  knowledge or information to form a belief as to these allegations an on that basis denies each and

17  every allegation contained therein.  Defendant need not address the plaintiff's characterization of

18  the legal nature of this action.  To the extent that any averment in paragraph 15 is deemed to

19  require an answer, Defendant denies each and every allegation contained therein.

20       16.  In answer to paragraph 16 of the Complaint, Defendant is without sufficient

21  knowledge or information to form a belief as to these allegations and on that basis denies each and

22  every allegation contained therein.

23       17.   In answer to paragraph 17 of the Complaint, Defendant is without sufficient

24  knowledge or information to form a belief as to these allegations an on that basis denies each and

25  every allegation contained therein.  Defendant need not address the plaintiff's characterization of

26  the legal nature of this action.  To the extent that any averment in paragraph 17 is deemed to

27  require an answer, Defendant denies each and every allegation contained therein.  By way of

28  further answer, Defendant need not address plaintiff's prayer for relief.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1    18.  In answer to paragraph 18 of the Complaint, Defendant is without sufficient

2    knowledge or information to form a belief as to these allegations an on that basis deny each and

3    every allegation contained therein.  Defendant need not address the plaintiff's characterization of

4    the legal nature of this action or Defendant's legal duties.  To the extent that any averment in

5    paragraph 18 is deemed to require an answer, Defendant denies each and every allegation

6    contained therein.  By way of further answer, Defendant need not address plaintiff's prayer for

7    relief.

8    ## ANSWER TO SECOND CAUSE OF ACTION
     ### (Violation of the Americans with Disabilities Act of 1990)

9

10   19.  In answer to paragraph 19 of the Complaint, Defendant incorporates and re-pleads its

     answer to paragraphs 1 through 18 as stated above.

11

12   20.  In answer to paragraph 20 of the Complaint, Defendant need not address the plaintiff's

13   characterization of the legal nature of this action.  To the extent any averment in paragraph 20 is

14   deemed to require an answer, Defendant denies each and every allegation contained therein.

15   21.  In answer to paragraph 21 of the Complaint, Defendant need not address the plaintiff's

16   characterization of the legal nature of this action.  To the extent any averment in paragraph 21 is

17   deemed to require an answer, Defendant denies each and every allegation contained therein.

18   22.  In answer to paragraph 22 of the Complaint, Defendant need not address the plaintiff's

19   characterization of the legal nature of this action.  To the extent any averment in paragraph 22 is

20   deemed to require an answer, Defendant denies each and every allegation contained therein.

21   23.  In answer to paragraph 23 of the Complaint, Defendant need not address the plaintiff's

22   characterization of the legal nature of this action.  To the extent any averment in paragraph 23 is

23   deemed to require an answer, Defendant denies each and every allegation contained therein.

24   24.  In answer to paragraph 24 of the Complaint, Defendant is without sufficient

25   knowledge or information to form a belief as to these allegations an on that basis denies each and

26   every allegation contained therein.  Defendant need not address the plaintiff's characterization of

27   the legal nature of this action.  To the extent that any averment in paragraph 24 is deemed to

28   require an answer, Defendant denies each and every allegation contained therein.

**DEFENDANT CASA MUNRAS HOTEL, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1    25.  In answer to paragraph 25 of the Complaint, Defendant is without sufficient

2   knowledge or information to form a belief as to these allegations an on that basis denies each and

3   every allegation contained therein.  Defendant need not address the plaintiff's characterization of

4   the legal nature of this action.  To the extent that any averment in paragraph 25 is deemed to

5   require an answer, Defendant denies each and every allegation contained therein.

6    26.  In answer to paragraph 26 of the Complaint, Defendant is without sufficient

7   knowledge or information to form a belief as to these allegations an on that basis denies each and

8   every allegation contained therein.  Defendant need not address the plaintiff's characterization of

9   the legal nature of this action.  To the extent that any averment in paragraph 26 is deemed to

10  require an answer, Defendant denies each and every allegation contained therein.

11   27.  In answer to paragraph 27 of the Complaint, Defendant is without sufficient

12  knowledge or information to form a belief as to these allegations an on that basis deny each and

13  every allegation contained therein.  Defendant need not address the plaintiff's characterization of

14  the legal nature of this action or Defendant's legal duties.  To the extent that any averment in

15  paragraph 27 is deemed to require an answer, Defendant denies each and every allegation

16  contained therein.  By way of further answer, Defendant need not address plaintiff's prayer for

17  relief.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE AND AFFIRMATIVE DEFENSE
### (Failure to Comply with Civil Code §51)

28.  Plaintiff has failed to state a cause of action for violation of the Unruh Civil Rights Act

because Plaintiff has failed to comply with *Civil Code* § 51.

### SECOND SEPARATE AND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

29.  Plaintiff's Complaint and each and every claim contained therein fails to state facts

sufficient to state a claim upon which relief may be granted.

26  ///

27

28  ///

**DEFENDANT CASA MUNRAS HOTEL, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

### THIRD SEPARATE AND AFFIRMATIVE DEFENSE
#### (Failure to State a Claim for Statutory Damages)

30.  Plaintiff's claims for statutory damages, including treble damages fail to state facts sufficient to state a claim upon which punitive damages can be awarded.

### FOURTH SEPARATE AND AFFIRMATIVE DEFENSE
#### (Breach of Agreement, Covenant or Duty)

31.   Plaintiff's complaint is barred in its entirety by the fact that Plaintiff breached any agreement, contract, covenant or duty which might be found to exist.

### FIFTH SEPARATE AND AFFIRMATIVE DEFENSE
#### (Not Subject to *Civil Code* §51)

32.    Defendant is not subject to the provisions of the Unruh Civil Rights Act, *Civil Code* §§ 51 et seq., for the conduct alleged in Plaintiff's complaint.

### SIXTH SEPARATE AND AFFIRMATIVE DEFENSE
#### ( Proximate Cause)

33.    In the event that Defendant is in some manner found legally responsible for damages allegedly sustained by Plaintiff, and such damages were proximately caused or contributed to by Plaintiff and/or third parties, Defendant should be indemnified by Plaintiff and/or such third parties.  This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

### SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE
#### (Conduct was Privileged)

34.    Defendant's conduct with regard to the Plaintiff was privileged, justified and in good faith.

### EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE
#### (Intentional and/or Negligent Conduct)

35.    Defendant alleges that Plaintiff's damages, if any, were caused by Plaintiff's own intentional or negligent acts, thus barring or limiting Plaintiff's right of recovery.

### NINTH SEPARATE AND AFFIRMATIVE DEFENSE
#### (Failure to Mitigate Damages)

36.    Defendant alleges upon information and belief that Plaintiff has failed to act reasonably to mitigate any damages that he has alleged in this action.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

### TENTH SEPARATE AND AFFIRMATIVE DEFENSE
#### (Statute of Limitations)

37.    Defendant is informed and believes and thereon alleges that Plaintiff's claims as contained in the Complaint are barred by the applicable statutes of limitations.

### ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE
#### (Waiver)

38.    Defendant is informed and believes and thereon alleges that Plaintiff has waived any and all claims that he may have had or have against Defendant arising from the transactions and occurrences contained in the Complaint.

### TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE
#### (Estoppel)

39.    Defendant is informed and believes and thereon alleges that Plaintiff is estopped by his own conduct from asserting any and all claims he may have or had against Defendant arising from the transactions and occurrences contained in the Complaint.

### THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
#### (Doctrine of Laches)

40.    Defendant is informed and believes and thereon alleges that Plaintiff's Complaint is barred, in its entirety, by the Doctrine of Laches.

### FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
#### (Unclean Hands)

41.    Defendant is informed and believes and thereon alleges that Plaintiff's Complaint is barred, in its entirety, by the Doctrine of Unclean Hands.

### FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
#### (Contributory Negligence)

42.    Defendant alleges based upon information and belief that any and all events and happenings, injuries and damages, if any, referred to in said complaint, were proximately caused and contributed to by the negligence and fault of Plaintiff, in that Plaintiff did not exercise ordinary care in his own behalf at the times and places referred to, and therefore, Plaintiff is completely barred from recovery herein, or in the alternative, under the doctrine of pure comparative negligence and fault, said acts of Plaintiff reduces Plaintiff's right to recovery herein by the amount which such acts contributed to said incidents.

DEFENDANT CASA MUNRAS HOTEL, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

## SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Assumption of Risk)

43.    Defendant alleges based upon information and belief that Plaintiff freely and voluntarily assumed the risk of injury and damage alleged in this action with full knowledge and appreciation of the magnitude thereof.

## SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Compliance with the ADA)

44.    Defendant has had in place at all times a plan for compliance with the Americans With Disabilities Act of 1990 ("ADA"); that its plan is being continuously implemented; that continual progress towards full compliance with the ADA is being made under the Defendant's plan; and that the Defendant is in substantial compliance with the ADA.

## EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (No Reasonable Modifications)

45.    Defendant alleges based upon information and belief that the modifications set forth in Plaintiff's Complaint are not "reasonable modifications" in the policies, practices, or procedures to the extent necessary to afford foods, services, facilities, privileges, advantages, or accommodations to Plaintiff because such modifications would injure the financial operations and/or effectiveness of Defendant's services and facility.   *See* 42 U.S.C. §12.182(b)(2)(A)(ii)(1994).

## NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (No Discriminatory Conduct)

46.    Defendant has not engaged in a pattern of discriminatory conduct that violates the United States or California Constitutions.

## TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE
### (Lack of Standing)

47.    Defendant alleges based upon information and belief that Plaintiff lacks standing to assert a claim under the ADA because Plaintiff has not suffered a threatened or actual distinct and palpable injury, there is no causal connection between the injury and Defendant's challenged conduct, and/or there is no substantial likelihood that the relief sought by Plaintiff will prevent or redress the injury.

1

**TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE**
**(Alternative Methods)**

2

3        48.    Defendant alleges based upon information and belief that it and other third parties

4    (i.e., tenant, landlord, etc.) provide persons with disabilities alternatives to barrier removal by

5    providing access to merchandise by alternative methods such as customer services and sales

6    assistance.

**TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE**
**(Isolated and/or Temporary Interruptions)**

7

8        49.    Defendant alleges based upon information and belief that Defendant was privileged

9    and or justified for the alleged conduct, if any, because the alleged barriers were isolated and/or

10   temporary interruptions in service or access due to maintenance and/or repairs.

11

**TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE**
**(Consent)**

12

13       50.    Plaintiff, at all relevant times, gave his consent, express or implied, to the alleged

14   acts, omissions, and/or conduct of Defendant.

15

**TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE**
**(Direct Threat to Health and Safety)**

16       51.    Defendant alleges that, to the extent it engaged in any of the conduct alleged in the

17   Complaint, it did so because the Plaintiff poses a direct threat to his health or safety or the health

18   or safety of other individuals at the facility.

19

**TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE**
**(Good Faith Belief)**

20

21       52.    The Complaint is barred, in whole or in part, because any actions taken

22   with respect to Plaintiff were based on honest, reasonable, and good faith beliefs in the facts as

23   known and understood at the time.

**TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE**
**(Good Cause)**

24

25       53.    Plaintiff's Complaint, and each and every claim contained therein, is barred, in

26   whole or in part, because Defendant's activities undertaken with respect to Plaintiff, if any, were

27   based upon good cause.

28   ///

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

1

2

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

**TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE**
**(Lack of Basis for Attorneys' Fees/Costs)**

54.    Plaintiff's Complaint, and each and every claim set forth therein, fails to set forth facts to constitute a basis for recovery of attorneys' fees and costs. As to each cause of action alleged in Plaintiff's Complaint, Defendant alleges that Plaintiff is not entitled to recover attorneys' fees pursuant to the California Unfair Business Practices Act, California Business & Professions Code §§17200 *et seq.*

**TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE**
**(After-Acquired Evidence)**

55.    Defendant is informed and believes and thereon alleges that the Complaint is limited or subject to an absolute bar as to recoverable damages based on after-acquired evidence the Defendant has presently and/or may acquire during the course of this litigation.

**THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE**
**(No Private Right of Action)**

56.    Plaintiff lacks standing to assert a claim for denial of accessible sanitary facilities, if any, in violation of *California Health & Safety Code* §§ 19955 et seq., because there is no private right of action thereunder. *California Health & Safety Code* §19958.5.

**THIRTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE**
**(Premises Constructed Prior to Effective Date of Title III of ADA)**

57.    On information and belief, the premises owned and/or leased by Defendant were designed and constructed for first occupancy prior to January 26, 1992. 34 Code Fed. Regs. §§ 36.401(a)(2) and 36.152.

**THIRTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE**
**(Premises Were Not Altered or Modified After the**
**Effective Date of Title III of ADA)**

58.    On information and belief, the premises owned and/or leased by Defendant were not altered or modified after January 26, 1992. 14 U.S.C. § 12183(a); 34 Code Fed. Regs. § 36.402.

**THIRTY- THIRD SEPARATE AND AFFIRMATIVE DEFENSE**
**(Premises Were Not Altered or Modified After the Effective Date**
**of California Health & Safety Code §§ 19955 et seq.)**

59.    On information and belief, the premises owned and/or leased by Defendant were not altered or modified after July 1, 1970. *California Health & Safety Code* § 19959.

**DEFENDANT CASA MUNRAS HOTEL, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

LEWIS BRISBOIS BISGAARD & SMITH LLP

ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

### THIRTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Other's Responsibility)

60. As to each cause of action alleged in Plaintiff's Complaint, Defendant alleges that under the terms of it's contractual agreements, responsibility for compliance with all federal, state, and local laws regarding access and use of the premises by persons with disabilities has been allocated to third person(s) (*i.e.*, tenant, franchisee, etc.) who are solely responsible for any affirmative obligations to make the premises accessible to persons with disabilities.

### THIRTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Conduct Was Not Arbitrary)

61. As to each cause of action alleged in Plaintiff's Complaint, Defendant alleges that Defendant's activities with respect to Plaintiff, if any, were privileged or otherwise justified, as such activities were proper, fair and legitimate business activities and/or business related reasons and were neither arbitrary, capricious, nor unlawful, but were undertaken to protect plaintiff's economic interest and/or relations.

### THIRTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE
### (No Modification Required)

62. As to each cause of action alleged in Plaintiff's Complaint, Defendant alleges that there has been no violation of the Unruh Civil Rights Act because there is no law requiring construction, alternation, repair, or modification by another provision of law. *California Civ. Code* §51(d).

### THIRTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Direct Threat to Health and Safety)

63. As to each cause of action alleged in Plaintiff's Complaint, Defendant alleges that, to the extent it engaged in any of the conduct alleged in the Complaint, which is denied, it did so because Plaintiff posed a direct threat to his own health or safety or the health or safety of other individuals at the facility.

///

///

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

## THIRTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Not Readily Achievable or Technically Feasible)

64. As to each cause of action alleged in Plaintiff's Complaint, Defendant alleges that removal of any alleged structural barriers to access by persons with disabilities is not readily achievable or technically feasible.

## THIRTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Carelessness)

65. As to each cause of action alleged in Plaintiff's Complaint, Defendant alleges that Plaintiff was careless and negligent in the matters alleged in the Complaint and each alleged cause of action thereof and that said carelessness and negligence on Plaintiff's own part proximately contributed to the happening of the loss and damages complained of, if any. Under the doctrine of comparative negligence, Plaintiff's own comparative negligence shall reduce any and all damages sustained by Plaintiff.

## FORTIETH SEPARATE AND AFFIRMATIVE DEFENSE
### (Fault of Others)

66. As to each cause of action alleged in Plaintiff's Complaint, Defendant alleges that any damages sustained by Plaintiff, if any, were either fully or in part the fault of others, whether that fault be proximate, a result of negligence, strict liability, breach of warranty, breach of contract or any other type of fault caused by persons, firms, corporations, or entities other than Defendant and that said negligence or fault comparatively reduces the percentage of fault or negligence, if any, by Defendant.

## FORTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE
### (Proposition 51)

67. As to each cause of action alleged in Plaintiff's Complaint, Defendant alleges that the provisions of the "Fair Responsibility Act of 1986" (commonly knows as proposition 51, *Civil Code* §§1430 through 1432) are applicable to this action to the extent that Plaintiff's injuries and damages, if any, were proximately caused, and were contributed to by the carelessness, negligence or fault of persons or entities other than this answering defendant.

///

**DEFENDANT CASA MUNRAS HOTEL, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

## FORTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE
### (California Civil Code Section 1473)

68. As to each cause of action alleged in Plaintiff's Complaint, Defendant alleges that prior to the commencement of this action, Defendant duly performed, satisfied and discharged all duties and obligations that it may have owed to the Plaintiff arising out of any and all agreement, representations or contracts made by them or on behalf of Defendant and this action is therefore barred by the provisions of *California Civil Code* §1473.

## FORTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE
### (No Control Over Subject Property)

69. As to each cause of action alleged in Plaintiff's Complaint, Defendant alleges that it have no ownership interest in or control of the subject property.

## FORTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Property Exempted)

70. As to each cause of action in Plaintiff's Complaint, Defendant alleges the subject property is exempted from any and all requirements, guidelines, rules, and regulations as alleged in Plaintiff's Complaint.

## FORTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Attorney's Fees)

71. If Defendant is determined to be the prevailing party in this action, Defendant should be awarded reasonable attorney's fees and costs pursuant to 42 U.S.C. § 12205, California Code of Civil Procedure § 55, and/or California Health and Safety Code § 19953.

## FORTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Vexatious Litigant)

72. Defendant alleges Plaintiff is a vexatious litigant pursuant to California Code of Civil Procedure § 391(b) having commenced, prosecuted or maintained at least five litigations in the preceding seven-year period, and/or has previously been declared to be a vexatious litigant by a California state or federal court of record in a similar action.

## FORTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE
### (Unknown Defenses)

74. Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional as yet unstated defenses available. Defendant reserves

4838-8700-1602.1

-13-

**DEFENDANT CASA MUNRAS HOTEL, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

1  herein the right to assert additional defenses in the event discovery indicates that they would be

2  appropriate.

3  **PRAYER**

4  WHEREFORE, Defendant prays as follows:

5  1.  Plaintiff take nothing by the Complaint;

6  2.  Judgment be rendered in favor of Defendant;

7  3.  Defendant be awarded costs of suit; and

8  4.  Defendant be awarded whatever further relief the Court deems just and proper.

9  **DEMAND FOR TRIAL BY JURY**

10  Defendant demands trial by jury as to each and every cause of action alleged in plaintiff's

11  Complaint.

12  DATED:  June  23  2008            LEWIS BRISBOIS BISGAARD & SMITH LLP

13

14

15  By _____
    CHARLES O. THOMPSON

16  JEMMA A. PARKER
    Attorneys for Defendant CASA MUNRAS HOTEL,

17  LLC

18

19

20

21

22

23

24

25

26

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4838-8700-1602.1

-14-

**DEFENDANT CASA MUNRAS HOTEL, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

**CALIFORNIA STATE COURT PROOF OF SERVICE**

Johnson v. Casa Munras Hotel, LLC, et al. - USDC, Northern District, San Jose Division, File No. CV 08 2778

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is One Sansome Street, Suite 1400.

On June 23, 2008, I served the following document(s):

**DEFENDANT CASA MUNRAS HOTEL, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Thomas Stewart, III, Esq.
Attorney at Law
369 Blue Oak Lane, 2nd Floor
Clayton, CA 94517
Telephone: (925) 672-8452
Facsimile: (925) 673-1729
*Attorneys for Plaintiff*

The documents were served by the following means:

[]    (BY FAX TRANSMISSION) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission containing the time, date, and sending fax machine telephone number, which I printed out, is attached.

[]    (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and (specify one):

[ ]    Deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

[]    Placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope of package with the postage fully prepaid.

[]    (BY OVERNIGHT DELIVERY) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

[]    (BY MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service. (A proof of service executed by the messenger will be filed in compliance with the Code of Civil Procedure.)

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4832-6041-1650.1

1    []        (BY PERSONAL SERVICE)  I personally delivered the documents to the persons at the
         addresses listed above.  [X] For a party represented by an attorney, delivery was made to
2        the attorney or at the attorney's office by leaving the documents in an envelope or package
         clearly labeled to identify the attorney being served with a receptionist or individual in
3        charge of the office. [    ] For a party not represented by an attorney, delivery was made to
         the party or by leaving the documents at the party's residence with some person not less
4        than 18 years of age between the hours of eight in the morning and six in the evening.

5    [X]       **(BY COURT'S CM/ECF SYSTEM)**  Pursuant to Local Rule, I electronically filed the
         documents with the Clerk of the Court using the CM/ECF system, which sent notification
6        of that filing to the persons listed above.

7            I declare under penalty of perjury under the laws of the State of California that the above is
     true and correct.
8
9            Executed on June 23, 2008, at San Francisco, California.

10

11

12                                                          Nicole S. Block

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4832-6041-1650.1